IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BURT WENZEL,

    Plaintiff,

v.

NURSE WENDY, LONGSDON, and C/O VAUGHN,

    Defendants.

Case No. 12-cv-67-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case was severed from plaintiff's original complaint filed under case number 11-cv-260-JPG.

Plaintiff alleges constitutional violations stemming from his care while in a "mental health cell" at Shawnee Correctional Center in October 2011. First, he alleges that defendant Nurse Wendy was deliberately indifferent to his medical condition in violation of the Eighth Amendment. As a result of plaintiff's "intense disabling psychological symptoms concerning his mental health disorder," plaintiff was held in a mental health cell. Plaintiff told defendant Nurse Wendy that he had urinated on himself and needed a wash cloth and clean clothes. Defendant Nurse Wendy failed to provide plaintiff with a washcloth or clean clothes, and left him in that condition for three days. Plaintiff also told defendant Longsdon that he needed clean bedding and a clean cell. Defendant Longsdon failed to help plaintiff. Thereafter, plaintiff alleges that defendant Vaughn harassed plaintiff by bringing other inmates to plaintiff's cell while plaintiff was on suicide watch, pointing to the cell window, laughing, and saying "Isn't he pathetic?"

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting plaintiff's allegations as true, the Court finds that plaintiff has articulated colorable federal causes of action as follows:

**Count 1:** A claim against defendant Nurse Wendy for deliberate indifference to medical needs in violation of the Eighth Amendment.

**Count 2:** A claim against defendant Longsdon for cruel and unusual conditions of confinement in violation of the Eighth Amendment.

**Count 3:** A claim against defendant Vaughn for cruel and unusual punishment in violation of the Eighth Amendment.

"[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). Here, while it is undoubtedly unprofessional and regrettable, Vaughn's harassment towards plaintiff does not rise to the level of cruel and unusual punishment as protected by the Eighth Amendment. Accordingly, defendant Vaughn is dismissed from Count Three with prejudice.

**Disposition**

The following defendant is **DISMISSED** from this action **with prejudice**: Vaughn.

The following defendants remain in the instant action: Nurse Wendy and Longsdon.

The Clerk of Court shall prepare for defendants Nurse Wendy and Longsdon (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by

plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 5, 2012

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**