IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURT WENZEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: **3:12-cv-00067-JPG-PMF** |
| ) | |
| NURSE WENDY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Nurse Wendy's (Doc. 22) motion to dismiss. For the following reasons, it is recommended that the (Doc. 22) motion to dismiss be granted.

On January 20, 2012, Plaintiff Burt Wenzel filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A on September 5, 2012. *See* Doc. 10. In that order, the Court characterized Wenzel's allegations as follows:

> Plaintiff alleges constitutional violations stemming from his care while in a "mental health cell" at Shawnee Correctional Center in October 2011. First, he alleges that defendant Nurse Wendy was deliberately indifferent to his medical condition in violation of the Eighth Amendment. As a result of plaintiff's "intense disabling psychological symptoms concerning his mental health disorder," plaintiff was held in a mental health cell. Plaintiff told defendant Nurse Wendy that he had urinated on himself and needed a wash cloth and clean clothes. Defendant Nurse Wendy failed to provide plaintiff with a washcloth or clean clothes, and left him in that condition for three days. Plaintiff also told defendant Longsdon that he needed clean bedding and a clean cell. Defendant Longsdon failed to help plaintiff. Thereafter, plaintiff alleges that defendant Vaughn harassed plaintiff by bringing other inmates to plaintiff's cell while plaintiff was on suicide watch, pointing to the cell window, laughing, and saying "Isn't he pathetic?"

1

*Id*. at 1.  After the reviewing the complaint, the Court found that Wenzel attempted to bring three claims as follows:

> **Count 1:** A claim against defendant Nurse Wendy for deliberate indifference to medical needs in violation of the Eighth Amendment.
>
> **Count 2:** A claim against defendant Longsdon for cruel and unusual conditions of confinement in violation of the Eighth Amendment.
>
> **Count 3:** A claim against defendant Vaughn for cruel and unusual punishment in violation of the Eighth Amendment.

*See id*. at 2.  When the screening was completed, the Court ruled that Count 3 failed to state a claim upon which relief may be granted and dismissed the claim.  *See id*.  The Court allowed Wenzel to proceed on Counts 1-2. *See id*. at 7-10.

On November 2, 2012, Defendant Nurse Wendy filed the instant (Doc. 22) motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly* (internal quotations omitted)).  While detailed factual allegations are not required, the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements". *Twombly*, 550 U.S. at 555 (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Wendy argues that Wenzel failed to state a claim for deliberate indifference to medical needs in Count 1 of the complaint. In support, Wendy cites to controlling caselaw from this Circuit providing that an official may only be held responsible for deliberate indifference to a prisoner's serious medical need when 1) the medical need was objectively serious, and 2) an official acted with deliberate indifference to the serious medical need. *See* Doc. 22 at 4 (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369, 1372 - 1374 (7th Cir. 1997)). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 810 (7th Cir. 2000) (citations omitted)). An official is deliberately indifferent to a serious medical need when the official is aware of the serious medical need and deliberately indifferent to it. *Id*. (citing *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001)). "Negligence—even gross negligence—is insufficient to meet this standard, but the plaintiff is not required to show intentional harm." *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "The standard is comparable to that required for criminal recklessness." *Id*. (citing *Farmer*, 511 U.S. at 839).

Here, Wenzel alleges that he was being held in a mental health cell when he informed Wendy that he had urinated on himself and needed a wash cloth and clean clothes. Although Wenzel's mental health condition could be considered an objectively serious medical need in some cases, that condition cannot be the medical need at issue in this case because the nurse would not be medically qualified to assist the prisoner with such a condition. Rather, a fair reading of the factual allegations leads the Court to conclude that Wenzel's need for clean

clothes and a wash cloth after urinating on himself is the condition being complained about in the complaint.

The allegations do not provide that there was a physician's diagnosis of a medical condition demanding treatment, or that there was a need for medical attention by a doctor. Thus, it would not have been obvious to a layperson that medical attention was required. Rather, the allegations indicate that Wenzel was in need the nursing care when he urinated on himself and needed a change of clothes and wash cloth to clean up. The complained-of condition is not an objectively serious medical need because there was no necessity for a doctor's attention. *See King*, 680 F.3d at 1018; *Gutierrez*, 111 F.3d at 1373 (adopting the standard defining a "serious medical need" as "one that has been diagnosed by a *physician* as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a *doctor's* attention").

Even if a serious medical condition could be found in the allegations, the Court could not surmise that Wendy was deliberately indifferent. At best, the allegations, accepted as true, indicate that Wendy may have been neglectful regarding Wenzel's need for clean clothes and a wash cloth. But negligence, or even gross negligence, is not actionable in the realm of constitutional torts. *See Farmer*, 511 U.S. at 839 (accepting various Appellate Court of Appeals decisions holding that deliberate indifference requires more than negligence or gross negligence and stating that "[i]t is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). Therefore, Wendy could not have acted with the requisite state of mind for an Eighth Amendment deliberate indifference to serious medical needs claim.

Accordingly, the allegations in the complaint do not state a plausible cause of action against Defendant Nurse Wendy for deliberate indifference to serious medical needs.  Count 1 should be dismissed.[1]

## RECOMMENDATION

It is recommended that Defendant Nurse Wendy's (Doc. 22) motion to dismiss be granted. It is further recommended that Count 1 of the complaint and Defendant Nurse Wendy be dismissed.  If this Report and Recommendation is adopted in its entirety, Count 2 of the complaint will remain against Defendant Longsdon.

SO RECOMMENDED.

DATED: February 4, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

---

[1] In reaching its conclusion, the undersigned takes no position as to whether Wendy should have been included in Count 2 for cruel and unusual conditions of confinement in violation of the Eighth Amendment.  Neither party has requested reconsideration of this issue.